# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON LLOYD HOUSTON, | No. 2:16-CV-0869-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| SACRAMENTO COUNTY SUPERIOR COURT, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1

This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff names the following as defendants: (1) Sacramento County Superior Court; and (2) Sacramento County. Plaintiff states that he was booked into the Sacramento County Jail in June 26, 2015, and bail was set at $645,000.00, which included a $500,000.00 "bail enhancement" for a prior serious felony conviction. Plaintiff alleges that the bail amount was unconstitutional.

While plaintiff states that his bail amount was unconstitutional, plaintiff does not state why. According to the complaint, plaintiff was booked on charges of violations of California Penal Code § 29800 – felon in possession of a firearm – and California Penal Code § 30305 – possession of ammunition by a prohibited person. Plaintiff admits in his complaint a prior serious felony conviction. Finally, plaintiff admits that he pleaded no-contest to these charges. Assuming for the moment that plaintiff's claim of excessive bail is cognizable under § 1983 and assuming that his claim is not moot because he pleaded no-contest, plaintiff has not alleged any facts to indicate that bail was set at a figure higher than was reasonably calculated to ensure his appearance. See Stack v. Boyle, 342 U.S. 1 (1951).

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action

should not be dismissed for failure to state a claim.  Plaintiff is warned that failure to respond to this order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders.  See Local Rule 110.

    IT IS SO ORDERED.


DATED:  August 23, 2017

                 _____
                 **CRAIG M. KELLISON**
                 UNITED STATES MAGISTRATE JUDGE