# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

JON LLOYD HOUSTON,                           No. 2:16-CV-0869-CMK-P

    Plaintiff,

  vs.                                                    ORDER

SACRAMENTO COUNTY
SUPERIOR COURT, et al.,

    Defendants.

_____/

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

        On August 23, 2017, the court directed plaintiff to show cause within 30 days why this action should not be dismissed for failure to state a claim upon which relief can be granted. The court stated:

> Plaintiff names the following as defendants: (1) Sacramento County Superior Court; and (2) Sacramento County. Plaintiff states that he was booked into the Sacramento County Jail in June 26, 2015, and bail was set at $645,000.00, which included a $500,000.00 "bail enhancement" for a prior serious felony conviction. Plaintiff alleges that the bail amount

1

was unconstitutional.

While plaintiff states that his bail amount was unconstitutional, plaintiff does not state why. According to the complaint, plaintiff was booked on charges of violations of California Penal Code § 29800 – felon in possession of a firearm – and California Penal Code § 30305 – possession of ammunition by a prohibited person. Plaintiff admits in his complaint a prior serious felony conviction. Finally, plaintiff admits that he pleaded no-contest to these charges. Assuming for the moment that plaintiff's claim of excessive bail is cognizable under § 1983 and assuming that his claim is not moot because he pleaded no-contest, plaintiff has not alleged any facts to indicate that bail was set at a figure higher than was reasonably calculated to ensure his appearance. See Stack v. Boyle, 342 U.S. 1 (1951).

Plaintiff was cautioned that failure to respond to the court's order to show cause could result in dismissal of the entire action, both for the reasons outlined above as well as for failure to comply with court orders. See Local Rule 110. To date, plaintiff has not responded to the court's order.

The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to follow local rules. See Ghazali, 46 F.3d at 53.

The court finds that consideration of the above factors weighs in favor of dismissal as an appropriate sanction. Plaintiff's failure to respond to the court's order thwarts the public's interest in expeditious resolution of this case on the merits as well as the court's interest in managing its docket. Additionally, plaintiff's failure to respond creates additional delay and

an increasing potential for prejudice to defendants as evidence becomes stale.  Finally, the court provided plaintiff a less drastic option by warning of possible dismissal for non-compliance.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for failure to state a claim and for failure to comply with court orders; and

2. The Clerk of the Court is directed to enter judgment and close this file.

DATED: October 11, 2017

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE